# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMES GLASS,

Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
June 14, 2016

No. 326461
Wayne Circuit Court
LC No. 14-010302-CK

---

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Plaintiff, James Glass, appeals as of right the trial court's order granting summary disposition to defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau), under MCR 2.116(C)(10) on the basis that plaintiff's attempt to enter into a land contract did not replace property that he lost in a fire for the purposes of Farm Bureau's insurance policy. We affirm.

## I. FACTUAL BACKGROUND

In August 2013, plaintiff's home in Detroit suffered extensive fire damage. Glass had an insurance policy with Farm Bureau. Farm Bureau paid for Glass to relocate to a furnished apartment from October 2013 to January 2014. The Detroit property, which Glass initially purchased for $20,000 in October 2012, had an actual cash value of $48,000 and an estimated repair cost of $100,794. Farm Bureau paid the home's actual cash value to Glass in October 2013.

In November 2013, Glass notified Farm Bureau that he did not intend to repair the property but instead intended to replace the property with a residence located in Ypsilanti. Glass entered into a land contract that was contingent on Farm Bureau paying an additional sum of about $52,794, which Glass would use as a down payment under the land contract.

In January 2014, Farm Bureau denied plaintiff's request for replacement costs on the basis that his land contract did not constitute "replacement" of his Detroit property under the policy. Farm Bureau also denied Glass continued additional living expenses under the policy. In his subsequent suit, Glass sought payment of about $84,284 in benefits that he claimed Farm Bureau denied under his policy. The trial court granted summary disposition, determining that

-1-

there were no genuine issues of material fact regarding whether Farm Bureau breached the policy.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

This Court reviews de novo the proper interpretation of a contract. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). We review de novo the legal effect of a contractual provision. *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 369; 666 NW2d 251 (2003).

This Court applies the same principles to contractual interpretation as to statutory interpretation, with the purpose of determining and enforcing the parties' intent. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). We discern the parties' intent from the contract's language. *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006). If the contract's language is unambiguous, we interpret the contract as a matter of law. *Klapp*, 468 Mich at 469. We construe contractual terms in context, according to their commonly used meanings. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). We may consult a dictionary definition to determine the commonly understood meaning of undefined terms. See *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005). However, when a contract defines a term, we must afford that term its stated meaning. *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 567; 596 NW2d 915 (1999).

## III. REPLACEMENT

First, Glass contends that the trial court erred when it determined that his entry into a land contract did not constitute actual replacement of the damaged property. We disagree.

Plaintiff's policy with Farm Bureau provided in pertinent part:

a. If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, . . . but not more than the least of the following amounts:

\* \* \*

(3) the necessary amount actually spent to repair or replace the damaged building.

\* \* \*

d. We will pay no more than the actual cash value of the damage, unless:

(1) *actual repair or replacement is completed. . . .* [Emphasis added.]

As described above, Farm Bureau's policy provided that it would pay no more than the cost of the actual damage to the property (in this case, the $48,000 that Farm Bureau paid Glass in October 2013) unless "actual repair or replacement is completed."[1] The insurance contract does not define the word "actual." Consulting a dictionary, the word "actual" commonly means "existing in act and not merely potentially," "existing in fact or reality," or "existing or occurring at the time." *Merriam-Webster's Collegiate Dictionary* (11th ed). Because plaintiff's land contract was contingent on Farm Bureau's payment of additional money, replacement was not complete at the time that Glass entered into the contract—the Ypsilanti property was merely a potential replacement. We conclude that the trial court properly granted summary disposition regarding whether plaintiff's land contract constituted an actual replacement under the parties' policy.

## IV. ADDITIONAL LIVING EXPENSES

Second, Glass contends that the trial court erred when it found that Farm Bureau properly ceased paying additional living expenses under the policy. We disagree.

Plaintiff's policy with Farm Bureau also provided that Farm Bureau would pay additional living expenses that resulted from a covered loss for a limited period of time:

Payment [of additional living expenses] shall be for the shortest time required to repair or replace the damaged property, or for you to permanently relocate.

Farm Bureau terminated plaintiff's living expense payments after four months. In their motion for summary disposition, Farm Bureau provided a letter in which their adjustor indicated that "repairs would take no more than four months to complete."

To survive a motion for summary disposition, once the nonmoving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show that disputed issues exist. MCR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth

---

[1] This is consistent with Michigan law provided that an insured can only recover replacement cost benefits if the dwelling is "actually repaired, rebuilt or replaced at another site." *Smith v Mich Basic Prop Ins Ass'n*, 441 Mich 181, 189; 490 NW2d 864, 198 (1992) (quotation marks and citation omitted).

specific facts showing that a genuine issue of material fact exists." *Id*. If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

On appeal, Glass asserts that repairs would have taken more than four months to complete. However, Glass provides no evidence to support this assertion, nor did Glass provide any evidence below regarding how long repairs would have taken to complete. Because Glass failed to make a showing regarding a genuine issue of material fact as to whether four months was the shortest time required to repair or replace the property, we conclude that the trial court properly granted summary disposition.

We affirm.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan